ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| SENADO DE PUERTO RICO<br>Recurrido<br><br>v.<br><br>HON. ÁNGEL L. PANTOJAS RODRÍGUEZ, EN SU CAPACIDAD DE SECRETARIO DEL DEPARTAMENTO DE HACIENDA; POR CONDUCTO DE LA SECRETARIA DE JUSTICIA, HON. LOURDES L. GÓMEZ TORRES<br>Peticionarios<br><br>v.<br><br>LCDO. ANTONIO M. SAGARDÍA DE JESÚS<br>Parte con interés | TA2026CE00487 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2026CV02172<br><br>Sobre:<br>Solicitud de Orden para la Producción de Documentos al Amparo del Art. 34-A del Código Político; Art. II de la Constitución de Puerto Rico; Regla 18 del Reglamento del Senado |

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno.

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de abril de 2026.

Conforme provee nuestro ordenamiento constitucional de separación de poderes, le corresponde a esta Curia en esta etapa de los procesos, como foro revisor apelativo, justipreciar si el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario) incidió al ordenar al Hon. Ángel L. Pantoja Rodríguez, en su capacidad oficial como Secretario del Departamento de Hacienda (Secretario de Hacienda o Peticionario) a cumplir con el requerimiento de información expuesto en la *Petición de Información 2026-0036* del Senado de Puerto Rico (Senado o Recurrido), so pena de desacato civil.

Luego de un estudio sosegado de la causa ante nos, expedimos el auto de *certiorari* y confirmamos el dictamen recurrido. Nos explicamos.

**I.**

Durante la Sesión Ordinaria, celebrada el 12 de marzo de 2026, el Pleno del Senado aprobó unánimemente la *Petición de Información 2026-0036,* dirigida al Secretario de Hacienda.[1] Dentro del ejercicio de su facultad constitucional de investigación, y como ente fiscalizador de la mejor utilización y desembolso de fondos públicos, el Senado inició una investigación sobre unos contratos de servicios profesionales que suscribió el Lcdo. Antonio M. Sagardía De Jesús (Lcdo. Sagardía De Jesús) con algunas agencias gubernamentales y corporaciones públicas.[2] A esos fines, requirió al Secretario de Hacienda proveer datos relevantes al cumplimiento del Lcdo. Sagardía De Jesús con sus responsabilidades contributivas y reglamentarias, en calidad de patrono, agente retenedor y/o persona que contrata servicios de contratistas independientes.

Particularmente, la *Petición de Información 2026-0036* requirió al Secretario de Hacienda la siguiente información:

> (1) Si para los años contributivos 2024 y 2025, el Lcdo. Antonio M. Sagardía De Jesús preparó Informativas W-2 y/o Formularios 480.6SPs (Informativas) sobre los pagos realizados a empleados o por servicios prestados (contratistas independientes). De haber preparado las Informativas, deberá proveer:
> (a) Fecha de radicación de las Informativas para cada año contributivo y especificar si la radicación fue realizada a tiempo.
> (b) Identificación de los recipientes de dichos pagos (nombre y apellidos, o nombre legal de la entidad jurídica).

---

[1] Surge del expediente ante esta Curia que, en igual fecha, el Senado presentó la *Petición de Información 2026-0035,* dirigida al Departamento de la Familia, al Departamento de Educación, a la Autoridad de Energía Eléctrica y a la Autoridad para las Alianzas Público-Privadas para que produjeran las facturas, evidencias de pago y los contratos gubernamentales que posee el Lcdo. Sagardía De Jesús con dichas agencias. Véase Entrada núm. 1 del expediente electrónico SUMAC del Poder Judicial. Debido a que los documentos entregados no reflejaron que las agencias concernidas autorizaron al Lcdo. Sagardía De Jesús a subcontratar abogados para cumplir con las horas de trabajo contratadas, el Senado instó la *Petición de Información 2026-0036* objeto de esta causa. Véase *Minuta,* Entrada núm. 20 en SUMAC.

[2] Según la *Petición de Información 2026-0036*, el Lcdo. Sagardía De Jesús posee varios contratos gubernamentales, entre ellos, con el Departamento de la Familia, el Departamento de Educación y la Autoridad para Alianzas Público-Privadas de Puerto Rico.

(c) Identificar si las Informativas reflejan correcciones o enmiendas.

(2) Indicar cualquier otra información relevante que el Departamento de Hacienda entienda necesaria para poder evaluar el cumplimiento de la persona con sus responsabilidades contributivas y reglamentarias ante el Departamento de Hacienda en su carácter de patrono, agente retenedor y/o persona que contrata servicios de contratistas independientes.

En reacción, el Secretario de Hacienda se negó a entregar al Senado lo solicitado, sustentado en la Sección 1001.01(b) del Código de Rentas Internas de Puerto Rico de 2011 (Carta de Derechos del Contribuyente), 13 LPRA sec. 30021, y de lo resuelto en *Rullán v. Fas Alzamora,* 166 DPR 742 (2006). En particular, discutió estar impedido de proveer lo solicitado por tratarse de una información que presuntamente goza de una protección de carácter constitucional y en consideración a la expectativa de intimidad que poseen los contribuyentes con respecto a sus planillas de contribución sobre ingresos. Además, el Secretario de Hacienda hizo constar que, el Lcdo. Sagardía De Jesús le expresó por escrito su oposición a la entrega de la información contributiva reclamada.

Ante la negativa del Secretario de Hacienda a proveer lo solicitado, el 23 de marzo de 2026, el Recurrido acudió ante el TPI mediante una *Solicitud de Producción de Documentos.* Lo antes, al amparo del Artículo 34-A del Código Político, 2 LPRA sec. 154a; del Artículo II de la Constitución del Estado Libre Asociado de Puerto Rico, 1 LPRA; y de la Regla 18 del Reglamento del Senado de Puerto Rico.

Evaluado lo anterior, el 24 de marzo de 2026, el foro primario notificó una *Orden de Producción de Documentos ante el Senado de Puerto Rico.* En su pronunciamiento, el TPI hizo constar que, el Artículo 34-A del Código Político, *supra,* establece los parámetros específicos del proceso a llevarse a cabo, luego de que el Poder Legislativo, representado por el Senado, acuda al foro judicial ante el incumplimiento de un requerimiento de información. En su consecuencia y conforme al principio de separación de poderes y de

las disposiciones estatutarias, el Tribunal inició el proceso de desacato civil dirigido únicamente al funcionario gubernamental que presuntamente incumplió el requerimiento del Senado. A esos efectos, el TPI destacó que, en este procedimiento especial, carece de discreción sobre este asunto y viene obligado a expedir una citación que requiera y ordene la entrega de los documentos solicitados, so pena de desacato civil. Sustentado en lo anterior, declaró ha lugar al petitorio del Senado y ordenó al Secretario de Hacienda proveer al Recurrido la información solicitada, dentro del término de 48 horas, y bajo apercibimiento de desacato civil.

En desacuerdo, el 26 de marzo de 2026, el Secretario de Hacienda instó ante el TPI una *Moción de Reconsideración y Relevo de Orden.* En ella argumentó que, divulgar lo solicitado vulnera derechos de terceros y lo obliga a revelar información clasificada como confidencial, en menoscabo del derecho a la intimidad de contribuyentes. Puntualizó que, el manto protector que provee la Carta de Derechos del Contribuyente abarca toda la información sometida ante el Departamento de Hacienda, sin que esté limitada a las planillas contributivas. Añadió que, el Recurrido no estableció el propósito de la investigación, ni el motivo específico para reclamar información sobre un ciudadano privado. A lo antes agregó que, no surge del expediente que el Senado hubiese notificado la *Petición de Información 2026-0036* al Lcdo. Sagardía De Jesús, tal como lo requiere la normativa de *Rullán v. Fas Alzamora,* supra. Sobre tales bases, interpeló la reconsideración y el relevo de la *Orden* del foro primario.

Al siguiente día, el 27 de marzo de 2026, el Senado instó una *Solicitud de Desacato por Incumplimiento con Orden del Tribunal.* Sustentó su petitorio en que, el Secretario de Hacienda incumplió con la *Orden* del foro primario al no entregar oportunamente la información requerida. Allí también discutió que, para ejercer su

poder de investigación, el Código Político no le exige notificar su requerimiento de información a las posibles partes que pudiesen verse afectadas por la investigación legislativa. Se reafirmó en que, no está solicitando el contenido sustantivo de planillas de contribución sobre ingresos, ni datos que puedan incidir sobre el derecho constitucional a la intimidad del contratista gubernamental o de terceros.

Además, el Senado imputó al Departamento de Justicia, en representación del Peticionario, haber comparecido a cuestionar el poder investigativo del Senado y a defender los intereses del Lcdo. Sagardía De Jesús. Lo antes, en lugar de defender los actos de la Asamblea Legislativa, tal cual le requiere al Departamento de Justicia, el Artículo 4 de su Ley Orgánica, Ley Núm. 205-2004, 3 LPRA sec. 292a. Al amparo del Artículo 34-A del Código Político, *supra,* y ante el incumplimiento del Secretario de Hacienda con la *Orden* del foro primario, solicitó que este último sea encontrado incurso en desacato.

En igual fecha, el Secretario de Hacienda se opuso al petitorio del Senado. En atención a lo anterior, y como parte del proceso delimitado en el Código Político -que no permite descubrimiento de prueba a favor del testigo citado a comparecer ante la Asamblea Legislativa- el TPI notificó una *Orden Citando a Vista de Desacato,* a celebrarse el 9 de abril de 2026, en la cual habrían de discutir las mociones atinentes al desacato. Entretanto, el 6 de abril de 2026, el Secretario de Hacienda instó ante el TPI una *Moción de Desestimación por Falta de Jurisdicción.* Lo antes, amparado en que la causa es prematura por el Lcdo. Sagardía De Jesús no haber sido notificado de la petición de información del Senado. A esos efectos, solicitó la desestimación de la *Petición de Información 2026-0036.*

Luego de varias incidencias procesales que resultan innecesarias pormenorizar, el TPI celebró la vista de desacato, el 17

de abril de 2026, a la cual comparecieron ambas partes y expusieron sus argumentos. Sometido el asunto, el TPI notificó la *Resolución* impugnada mediante la cual, se negó a reconsiderar la *Orden de Producción de Documentos ante el Senado de Puerto Rico* y requirió al Secretario de Hacienda dar cumplimiento específico a la *Petición de Información 2026-0036,* en el término de 48 horas, so pena de desacato civil. En su pronunciamiento, el TPI resaltó lo siguiente:

> En contraste, la controversia ante este Tribunal no involucra información contributiva protegida ni datos que revelen el nivel de ingresos, estilo de vida o patrones personales del ciudadano requerido. La información solicitada en este caso se limita a conocer si Sagardía preparó formularios W-2 o 480 y, de contestarse en la afirmativa, a identificar a nombre de quien se expidieron. La petición no requiere el contenido de dichos formularios ni solicita dato personal o económico alguno de Sagardía o de los empleados o contratistas de este que pueda generar una expectativa de intimidad constitucionalmente protegida. Por lo tanto, la solicitud legislativa aquí no activa la protección constitucional reconocida en *Rullán* y no puede considerarse una violación a los derechos de terceros.
>
> Por lo tanto, resulta forzoso concluir que el Senado de Puerto Rico, en el ejercicio de su investigativo, posee un interés legítimo en requerir documentos de esta índole con el fin de fiscalizar la utilización de fondos públicos. Asimismo, de acuerdo con lo previamente expuesto, procede concluir que la información solicitada por el Senado de Puerto Rico no posee carácter confidencial ni se encuentra protegida por el derecho a la intimidad.
> [...]
> Por lo tanto, resulta forzoso establecer que, como facultad inherente a la función legislativa, el Senado de Puerto Rico posee un propósito legítimo y de alto interés público al solicitar información de contratistas gubernamentales con el fin de fiscalizar la utilización de fondos públicos.
> [...]
> Asimismo, bajo el principio constitucional de separación de poderes, este Tribunal en representación del Poder Judicial debe ejercer deferencia hacia el Poder Legislativo cuando este actúa dentro de su autoridad investigativa reconocida constitucionalmente. Como rama con igual poder, el Senado de Puerto Rico cuenta con un margen legítimo de acción que no debe menoscabarse salvo exista una violación clara a derechos constitucionales. Dado que la información solicitada en este caso no compromete el derecho de intimidad ni invade esferas protegidas, corresponde reconocer dicha deferencia y permitir el adecuado ejercicio de la función fiscalizadora legislativa.
> [...]

En desacuerdo, el Secretario de Hacienda acude ante esta Curia mediante la presente *Urgente Petición de Certiorari,*

acompañada de una *Urgente Solicitud en Auxilio de Jurisdicción.*

Imputa al foro primario la comisión de los siguientes:

> Erró el Tribunal de Primera Instancia al ordenar la entrega de la información solicitada, toda vez que la *Petición de Información 2026-0036* no detalla cuál es el propósito legítimo de la petición legislativa.
>
> Erró el Tribunal de Primera Instancia al ordenar al Departamento de Hacienda a divulgar la información solicitada por el Senado de Puerto Rico por tratarse de información confidencial protegida por la Ley Núm. 1-2011, según enmendada, mejor conocida como el Código de Rentas Internas de Puerto Rico de 2011 y por el derecho constitucional a la intimidad. Ello, sin realizar un análisis suficiente sobre su naturaleza ni el posible impacto en los derechos constitucionales de terceros.
>
> Erró el Tribunal de Primera Instancia al emitir la *Orden* recurrida, pese a que el Senado de Puerto Rico no notificó al Lcdo. Antonio M. Sagardía De Jesús ni a los terceros involucrados sobre la *Petición de Información 2026-0036,* ni les explicó el propósito de la solicitud, lo que vicia el procedimiento y les violenta su debido proceso de ley y su derecho de intimidad.

El 21 de abril de 2026, el Lcdo. Sagardía De Jesús presenta un escrito intitulado *Comparecencia Especial de Lcdo. Antonio M. Sagardía De Jesús en Apoyo a Urgente Certiorari y Solicitud de Paralización de la Resolución del Tribunal de Primera Instancia.*

En atención a lo anterior, en igual fecha, notificamos una *Resolución* mediante la cual decretamos la paralización de los asuntos ante el foro primario y concedimos un término al Recurrido para exponer su posición. Además, ordenamos el desglose del escrito del Lcdo. Sagardía De Jesús, debido a que los argumentos allí esgrimidos nunca fueron objeto de evaluación y análisis ante el TPI. Lo antes, conforme a lo dispuesto en el Artículo 4.006 de la Ley Núm. 103-2003, conocida como la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, según enmendada, 4 LPRA sec. 24y, *Dorado del Mar v. Weber et als.,* 203 DPR 31, 52 (2019) y *Trabal Morales v. Ruiz Rodríguez,* 125 DPR 340, 351 (1990).

Inconforme, el Lcdo. Sagardía De Jesús instó una *Urgente Moción de Reconsideración,* así como una *Moción Suplementaria a Urgente Moción de Reconsideración y Oposición a Moción en Cumplimiento de Orden del Senado.* Tras nuestra evaluación de los

referidos petitorios y los planteamientos enunciados en reconsideración, las declaramos No Ha Lugar.[3]

De otra parte y según requerido, el Senado presenta su *Escrito en Cumplimiento de Orden,* por lo que, con el beneficio de las comparecencias de ambas partes, procedemos a resolver. A continuación destacamos la normativa jurídica aplicable.

## II.

### A. *Certiorari*

El recurso de *certiorari* es un auto procesal extraordinario por el cual un peticionario solicita a un tribunal de mayor jerarquía que revise y corrija las determinaciones de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Es norma reiterada que, una resolución u orden interlocutoria, contrario a una sentencia, es revisable ante el Tribunal de Apelaciones mediante auto de *certiorari. Rivera et al. v. Arcos Dorados et al.,* supra. A diferencia del recurso de apelación, el tribunal revisor tiene la facultad de expedir el auto de *certiorari* de manera discrecional. *Torres González v. Zaragoza Meléndez,* supra.

Por su parte, la Regla 52.1 de las Reglas de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, limita la facultad que tiene el foro apelativo intermedio para revisar las resoluciones u órdenes interlocutorias que emite el foro primario. *Caribbean Orthopedics v. Medshape, et al.,* 207 DPR 994 (2021). Esa regla establece que el recurso de *certiorari* solo se expedirá cuando se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57 o de la denegatoria de una moción de carácter dispositivo. *Torres González v. Zaragoza Meléndez,* supra.

---

[3] El proceso de naturaleza especial estatutario dispuesto en el Código Político, Artículo 34-A, *supra,* sobre la expedición de un mandato judicial para hacer efectivo un requerimiento del Poder Legislativo y el proceso de desacato civil dirigido exclusivamente a quien presuntamente la incumple, no permite descubrimiento de prueba como tampoco provee para la inclusión de otras partes para dilucidar la procedencia del desacato civil.

No obstante, la citada Regla 52.1, también dispone que el tribunal apelativo, en su ejercicio discrecional y por excepción, podrá expedir un recurso de *certiorari* cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, en asuntos relacionados a privilegios evidenciarios, en casos de anotaciones de rebeldía, en casos de relaciones de familia, en casos revestidos de interés público o en cualquier otra situación en la que esperar a una apelación constituiría un fracaso irremediable a la justicia. *Íd.* El delimitar la revisión a instancias específicas tiene como propósito evitar las "dilaciones innecesarias, el fraccionamiento de causas y las intervenciones a destiempo." *800 Ponce de León v. AIG*, 205 DPR 163, 191 (2020).

Por otro lado, el examen que hace este Tribunal previo a expedir un auto de *certiorari* no se da en el vacío ni en ausencia de otros parámetros. *Torres González v. Zaragoza Meléndez,* supra. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, señala los criterios que debemos tomar en consideración al evaluar si procede expedir el auto de *certiorari. BPPR v. SLG Gómez-López,* 213 DPR 314 (2023). La citada regla dispone:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

El foro apelativo debe ejercer su facultad revisora solamente en aquellos casos en los cuales se demuestre que el dictamen emitido por el foro de instancia es arbitrario o constituye un exceso de discreción. *Íd.* A tenor de la Regla 11(C) de nuestro Reglamento, *supra,* cuando la citada Regla 52.1 impida expedir el auto de *certiorari,* procede denegar su expedición.

**B. El Poder Legislativo y el Artículo 34-A del Código Político**

La Sección 2 del Artículo 1 de nuestra Constitución, Art. I, Sec. 2, Constitución ELA, LPRA Tomo I, ed. 2025, establece las bases fundamentales de nuestro ordenamiento constitucional de separación de poderes. Dispone que "El gobierno del Estado Libre Asociado de Puerto Rico tendrá forma republicana y sus Poderes Legislativos, Ejecutivo y Judicial, según se establecen por esta Constitución, estarán igualmente subordinados a la soberanía del pueblo de Puerto Rico". Lo antes, garantiza la independencia de cada poder constitucional con sus funciones, responsabilidades y parámetros de autoridad. A esos efectos, el Art. III de nuestra Constitución, consagra al Poder Legislativo -dentro de su función de legislar y representación ciudadana- el poder inherente de investigación.

Los poderes y las facultades de la Rama Legislativa nacen de las Secs. 1 y 17 del Art. III de la Constitución de Puerto Rico. Art. III, Secs. 1 y 17, Const. ELA, LPRA, Tomo 1. En *Peña Clos v. Cartagena Ortiz,* 114 DPR 576, 590 (1983) nuestro Alto Foro dispone que, *"la facultad de investigar es parte inseparable de la de legislar".* (Énfasis suplido). En el desempeño de la facultad que tienen los cuerpos legislativos de investigación se manifiesta a través de la citación a testigos a comparecer y/o a cumplir con un requerimiento

o producción de los documentos pertinentes a su facultad investigativa. *Rullán v. Fas Alzamora,* supra. Ahora bien, el poder de investigación no es ilimitado, irrestricto ni absoluto. Su campo de acción está limitado, al igual que toda acción del Estado. *Silva v. Hernández Agosto,* 118 DPR 45, 57 (1986). Véase, además, *Peña Clos v. Cartagena Ortiz,* supra; *Rullán v. Fas Alzamora,* supra.

Para hacer valer y poner en vigor una citación, orden o requerimiento, el Poder Legislativo puede acudir ante el Poder Judicial. A esos efectos y atinente a la causa ante nos, resaltamos el proceso establecido en el Código Político, Artículo 34-A, *supra,* que permite la intervención del foro judicial en el ejercicio de su facultad de hacer cumplir órdenes mediante el desacato. A esos fines, dicho Artículo dispone lo siguiente:

(1) Además de lo dispuesto en el Artículo 34 de esta ley, cuando un testigo citado de acuerdo con los Artículos 31 y 32 de esta ley no comparezca a testificar o no produzca los libros, papeles, récords o documentos u objetos, según haya sido requerido, o cuando cualquier testigo así citado rehusare contestar cualquier pregunta en relación a cualquier asunto o investigación que esté pendiente ante la Asamblea Legislativa, o ante la Cámara de Representantes o el Senado, o ante una comisión o subcomisión de cualquiera de dichos cuerpos o ante una comisión o subcomisión conjunta de ambos cuerpos, o ante un oficial investigador según lo dispuesto en el Artículo 31 de esta ley, el Presidente o Vicepresidente de cualquiera de dichos organismos legislativos podrá solicitar la ayuda de la Sala Superior de San Juan del Tribunal de Primera Instancia para requerir la asistencia y la declaración de testigos y la producción y entrega de documentos u objetos, solicitados en el asunto, pesquisa o investigación que dicha Asamblea Legislativa, Cámara, Senado, comisión, subcomisión o comisión conjunta u oficial investigador esté llevando a cabo.

(2) Radicada la petición ante la Sala Superior de San Juan del Tribunal de Primera Instancia, **si surgiera de ésta que el testigo incumplió la orden de la Asamblea Legislativa**, o de la Cámara de Representantes **o del Senado**, o de la comisión o subcomisión de uno de los cuerpos, o de la comisión o subcomisión conjunta, según sea el caso, **dicho tribunal deberá expedir una citación requiriendo y ordenando al testigo para que comparezca y declare o para que produzca la evidencia, documentos u objetos solicitados o para ambas cosas** ante la Asamblea Legislativa, el Senado, la Cámara de Representantes, comisión, subcomisión o comité conjunto o ante dicho oficial investigador, según sea el caso**; y cualquier desobediencia**

**a la orden dictada por el tribunal será castigada por éste como un desacato civil al mismo.**

(3) Si el testigo incumpliere la orden del tribunal dictada bajo apercibimiento de desacato civil, al celebrarse la vista de desacato, el testigo podrá levantar en ella todas las cuestiones constitucionales, legales y de hecho que estimare pertinentes. **En ningún caso existirá el derecho a descubrimiento de prueba a favor de un testigo citado a comparecer ante la Asamblea Legislativa.**

(Énfasis nuestro.)

Conviene destacar que, sobre el desacato surge en el Diario de Sesiones de la Convención Constituyente de Puerto Rico, Edición Conmemorativa, Julio 25, 2003, lo siguiente:

> [...]
> Sr. Negrón López: El hecho de que se exprese en la constitución que él puede expedir citaciones bajo apercibimiento de desacato, no implica que él tenga la facultad o pueda tenerla, de castigar por desacato. La facultad de castigar por desacato es una función puramente judicial. Desde luego que bajo algunas circunstancias esa facultad incidentalmente se confiere a organismos de índole legislativa, pero positivamente a un funcionario de esta naturaleza no puede conferírsele, ni por la constitución ni por ninguna otra forma, porque envuelve una violación del principio de la separación de poderes.
>
> El apercibimiento de desacato en este caso tendría la consecuencia de violar las leyes de desacato y, por consiguiente, **puede ser castigado por un tribunal de justicia**. Si fuera un desacato a la Cámara de Representantes o al Senado, entonces podría venir un castigo directo de estos organismos porque ellos sí tienen la facultad.
>
> Sr. Reyes Delgado: Entonces ello no lleva consigo el que pueda castigarlos ni el contralor ni la cámara respectiva, sino un tribunal de justicia.
> [...]

C. **El Departamento de Hacienda y la Carta de Derechos del Contribuyente**

En nuestra jurisdicción el poder del Estado de imponer y cobrar contribuciones radica en la Asamblea Legislativa y emana del Art VI, Sec. 2 de la Const. ELA, LPRA Tomo I. "El poder del Estado Libre Asociado para imponer y cobrar contribuciones y autorizar su imposición y cobro por los municipios se ejercerá según se disponga por la Asamblea Legislativa [...]". Conforme a ello y mediante los estatutos correspondientes, la Asamblea Legislativa ha designado por ley al Secretario de Hacienda como el funcionario del Poder Ejecutivo para la administración y contabilidad de los fondos

públicos, entre otras funciones. Asimismo, mediante la aprobación del Código de Rentas Internas de Puerto Rico, *supra,* la Asamblea Legislativa facultó al Secretario a realizar los deberes y responsabilidades de su cargo. En particular y atinente al presente recurso, el Código de Rentas Internas, *supra,* incluye una Carta de Derechos del Contribuyente la cual dispone lo siguiente:

> Todo contribuyente tendrá derecho en las entrevistas, investigaciones, reclamaciones de reintegro y crédito, y otras gestiones que se realicen en el Departamento de Hacienda, en adelante "el Departamento", a:
>
> (a) Recibir un trato digno, considerado e imparcial por parte de todos los funcionarios y empleados del Departamento en cualquier gestión que realice en el Departamento.
> (b) Que se le garantice la confidencialidad de la información sometida al Departamento por el contribuyente o persona autorizada a actuar como su representante ante éste. Ninguna persona ajena al Departamento que no esté autorizada por el contribuyente, a menos que expresamente lo permita el Código de Rentas Internas para un Nuevo Puerto Rico, tendrá acceso a dicha información. El contribuyente, además, tiene derecho a saber el propósito para el cual se le solicita dicha información, el uso que se le dará y las consecuencias de no facilitar la misma. En el caso de información solicitada por el Departamento incidental a una investigación con el fin de determinar la responsabilidad contributiva del contribuyente, dicha información será utilizada únicamente para dichos fines, y sólo se le solicitará la información que sea pertinente al caso que se esté investigando.
>
> [...]

Con el fin de reglamentar lo antes, el Departamento de Hacienda promulgó el Reglamento núm. 9044 del 24 de julio de 2018 – Reglamento del Código de Rentas Internas de 2011, el cual en lo pertinente dispone lo siguiente:

Artículo 1001.01-1. Derechos del Contribuyente.

(a) En general. - A fin de promover y asegurar la equidad y justicia en los procesos, todo contribuyente tendrá derecho en las entrevistas, investigaciones, reclamaciones de reintegro o crédito, y cualesquiera otras gestiones que realice en el Departamento de Hacienda (en adelante, el "Departamento") a:

> (1)      [...]
>
> (2) Confidencialidad.- Reclamar que se mantenga la confidencialidad de toda la información sometida al Departamento por el contribuyente o persona autorizada a actuar como su representante ante éste. **Esta**

**confidencialidad no se considerará violentada si por virtud de cualquier disposición de ley o mandato judicial el Departamento divulga información del contribuyente. [Énfasis nuestro]**

[...]

### III.

En su recurso, el Peticionario levanta como primer y segundo señalamiento de error que el TPI incidió al ordenar la entrega al Senado de la información confidencial solicitada, a pesar de que presuntamente, el petitorio legislativo no especifica un propósito legítimo, ni el objetivo por el cual es necesario obtener la información contributiva del Lcdo. Sagardía De Jesús, como ciudadano privado. Añade que, el requerimiento también incide sobre el derecho a la intimidad de terceros que no son objeto de la investigación legislativa, a quienes deberá identificar por nombre. Argumenta que, es vaga la solicitud del Senado fundamentada en su ejercicio de fiscalización, sin precisar cómo lo requerido está vinculado a los contratos gubernamentales que ostenta el Lcdo. Sagardía De Jesús con ciertas agencias. El Secretario de Hacienda enfatiza que lo solicitado es confidencial y protegido. Sustentado en lo anterior, señala como tercer error que el TPI incidió al ordenar la producción de documentos sin que el Peticionario hubiese notificado previamente al Lcdo. Sagardía De Jesús la razón, el propósito y la pertinencia del requerimiento, conforme a lo resuelto en *Rullán v. Fas Alzamora,* supra, y en violación al debido proceso de ley y al derecho a la intimidad del Lcdo. Sagardía De Jesús. Por su estrecha relación entre sí, discutiremos los errores conjuntamente.

En su oposición, el Recurrido argumenta que, la causa de epígrafe versa sobre el poder del Senado de fiscalizar el uso y la contratación de fondos públicos lo cual, a su entender, es un fin legítimo para efectuar una investigación senatorial. Expone que, dentro de su facultad constitucional de investigar, el Pleno del Senado unánimemente solicitó al Secretario de Hacienda una

información específica y limitada, atinente al cumplimiento contributivo de un contratista gubernamental, sin requerir copia de planillas, declaraciones informativas o estados bancarios. Puntualiza que, el Lcdo. Sagardía De Jesús no es un ciudadano privado ordinario, más bien, un contratista gubernamental, receptor de fondos públicos, sujeto a un régimen reforzado de transparencia y de cumplimiento contributivo, conforme al Código Anticorrupción para el Nuevo Puerto Rico.[4] Agrega que, el derecho a la intimidad no protege el uso indebido de fondos públicos. Expone que, la Sección 1001.01(b) del Código de Rentas Internas, *supra,* no es oponible contra la Asamblea Legislativa. Lo antes, en la medida en que esta última no cae dentro de la definición de "persona" a la cual dicha disposición prohíbe el acceso a la información a manos del Secretario de Hacienda.

Al entender sobre la causa ante nos, resulta necesario consignar que, mediante el presente recurso de *certiorari* se pretende la revisión de un asunto al amparo de la Regla 52 de las Reglas de Procedimiento Civil, *supra,* y de la Regla 40 del Reglamento de este Tribunal. En nuestro Reglamento se establecen los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional. El más adecuado análisis obliga a ejercer un alto grado de discernimiento judicial para arribar a conclusiones justicieras. Habiendo entendido de forma concienzuda sobre los señalamientos de error a la luz del expediente ante nuestra consideración, así como

---

[4] Ley Núm. 2-2018, 3 LPRA sec. 1881 *et seq.* A esos efectos, el Senado citó el Artículo 3.2 de dicha legislación el cual dispone, en lo pertinente:

"(b) Toda persona que en su vínculo con las agencias ejecutivas del Gobierno de Puerto Rico participe de licitaciones en subastas, le presente cotizaciones, interese perfeccionar contratos con ellas o procure recibir la concesión de cualquier incentivo económico, tendrá la obligación de divulgar toda la información necesaria para que las agencias ejecutivas puedan evaluar detalladamente las transacciones o solicitudes ante sí y efectuar determinaciones correctas e informadas.

[...]

(g) Toda persona colaborará con cualquier investigación que inicie el gobierno sobre transacciones de negocios, otorgación de contratos o concesión de incentivos gubernamentales del cual fue parte o se benefició directa o indirectamente." 3 LPRA sec. 1883a(b) y (g).

las normas jurídicas aplicables, colegimos que, en ausencia de errores de derecho o arbitrariedad e irrazonabilidad, procede confirmar el dictamen recurrido.

Surge del dictamen impugnado que, ante el recibo de la *Solicitud de Producción de Documentos* del Senado, el foro primario ordenó al Secretario de Hacienda dar cumplimiento específico a la *Petición de Información 2026-0036,* dentro del término de 48 horas, y bajo apercibimiento de desacato civil. Lo antes, a tenor del Artículo 34-A del Código Político de Puerto Rico, *supra,* y de la autoridad que nuestra Constitución confiere al Senado.

Reconocemos que, el poder investigativo de la Asamblea Legislativa, es amplio, no absoluto. *Hernández Agosto v. Betancourt,* 118 DPR 79, 81-82 (1986). Dentro del ejercicio de dicho poder, los cuerpos legislativos pueden citar testigos a comparecer, so pena de desacato, y requerir la entrega de documentos.[5] Al ejercer tal facultad, resulta evidente que, el citado Artículo 34-A faculta a la Asamblea Legislativa a acudir al foro primario en busca de ayuda judicial para requerir la producción y entrega de documentos, entre otros, como parte de una pesquisa o investigación legislativa, y ante la negatividad de un testigo citado a producir la información solicitada. Cumplido lo anterior, el inciso (2) del Artículo 34-A del Código Político, *supra,* efectúa una instrucción concreta al TPI a expedir un requerimiento, en este caso al Secretario de Hacienda, para entregar los documentos específicos solicitados por el Recurrido en la *Petición de Información 2026-0036.*

Como ocurrió en la causa de epígrafe, ante la desobediencia del Peticionario a cumplir con la orden del TPI que constituye un mandato judicial y a entregar al Peticionario la información requerida, el foro primario debía dilucidar dicho incumplimiento

---

[5] Véase, la Exposición de Motivos de la Ley Núm. 38-2000, *supra.*

mediante el proceso de un desacato civil.[6] A esos efectos, el foro primario celebró la vista de desacato, según lo dispone el inciso (3) del Artículo 34-A, durante la cual el Peticionario pudo levantar las cuestiones constitucionales, legales y de hecho que entendió pertinente invocar. Surge claramente de dicho inciso que "[e]n ningún caso existirá el derecho a un descubrimiento de prueba a favor de un testigo citado a comparecer ante la Asamblea Legislativa."

Como vemos, el proceso estatuido en el Artículo 34-A del Código Político, *supra,* es de naturaleza especial y el desacato civil allí establecido va dirigido únicamente a quien incumple el mandato judicial, sin permitir el descubrimiento de prueba ni la inclusión de terceros. Sin duda, el TPI dio fiel cumplimiento al Artículo 34-A y, con ello, realizó el escrutinio aplicable ante las consideraciones constitucionales planteadas por el Secretario de Hacienda. Reiteramos que, el foro primario no permitió el descubrimiento de prueba debido a que el estatuto aplicable expresamente lo prohíbe, por no tratarse de un caso de naturaleza ordinaria. A tales efectos, nos resulta razonable la actuación del foro primario, sin indicios de haber abusado de su discreción al así actuar.

De otra parte, de nuestro análisis colegimos que, el TPI correctamente efectuó el escrutinio constitucional aplicable a esta causa que obliga evaluar pertinencia y determinar si el uso del poder investigativo es arbitrario, si persigue un propósito legislativo y no invade garantías constitucionales.[7] A esos efectos y en cuanto a la

---

[6] Cabe puntualizar que, el desacato civil constituye un remedio eminentemente reparador, cuyo propósito es imponer la reclusión indefinidamente hasta el cumplimiento de una obligación principal. *Pres. del Senado,* supra.

[7] Sobre este asunto, cabe señalar que, en el ámbito federal, en *Trump v. Mazars USA, LLP* consolidado con *Trump v. Deutsche Bank AG,* 591 US—(2020), versa sobre unos "subpoenas" expedidos por ciertes comités de la Cámara de Representantes del Congreso de Estados Unidos para obtener las planillas de contribución sobre ingresos ("tax returns") del Presidente Donald J. Trump quien demandó a su firma de contabilidad para evitar la entrega de dichos documentos al Congreso de Estados Unidos. Al resolver la controversia el máximo foro federal consignó -en apretada síntesis- que es deber del foro judicial tomar en consideración la separación de poderes para dirimir las disputas sobre los requerimientos o "subpoenas" congresionales. A esos efectos estableció el

confidencialidad que invoca el Peticionario, surge expresamente del Reglamento Núm. 9044 del propio Secretario de Hacienda que, no se violenta la confidencialidad de un contribuyente cuando una disposición de ley o mandato judicial lo obliga a divulgar la información de un contribuyente. En la presente causa, el Senado solicitó al Peticionario la información objeto de la *Petición de Información 2026-0036,* al amparo del Artículo 34-A del Código Político. Por tanto, ante la expedición de un mandato judicial, la entrega de información no expone al Departamento a infringir su confidencialidad conforme surge de su propio Reglamento Núm. 9044, inciso 2. Su postura no nos persuade. Es norma reiterada que las agencias administrativas están obligadas a observar estrictamente sus propios reglamentos y las reglas que ellas mismas promulgan. *Graciani Rodríguez v. Garage Isla Verde,* 202 DPR 117, 134 (2019).

El Peticionario invoca lo resuelto en *Rullán v. Fas Alzamora,* supra, para intentar establecer que en este proceso se le ha infringido al Lcdo. Sagardía De Jesús su derecho a la intimidad y a su debido proceso de ley por no haberle notificado de la investigación en curso. Al revisar lo allí resuelto constatamos que, el requisito de notificación que decretó el Alto Foro fue en el contexto de una solicitud de entrega de copia de las planillas contributivas de un individuo. Tal cual expresó el foro primario, las planillas de contribución sobre ingresos revelan información altamente sensible, entre ellas, niveles de ingreso, fuentes de ingreso, estilos de vida y patrones financieros, cuya divulgación infringe la expectativa razonable de intimidad que las protege.

---

escrutinio aplicable que incluyen cuatro factores que versan sobre lo siguiente: la existencia de otras fuentes de información para obtener los datos requeridos; si el requerimiento se caracteriza por exceso o amplitud; si el requerimiento corresponde a un propósito legislativo válido y si resulta en una carga excesiva al Ejecutivo.

Sin embargo, en la presente causa, lo requerido por el Senado es si el Lcdo. Sagardía De Jesús preparó W-2 y/o Formularios 480.6SPs para los años contributivos 2024 y 2025, sobre los pagos realizados a empleados o por servicios prestados. Si la contestación es afirmativa, el Senado solicitó, además, la fecha de radicación de tales informativas y si esta fue oportuna; los nombres y apellidos o nombre legal de la entidad jurídica recipiente de dichos pagos; si las Informativas reflejan correcciones o enmiendas; y cualquier información relevante para evaluar el cumplimiento con las responsabilidades contributivas y reglamentarias. Debido a que la petición que hizo el Senado en este caso es distinguible de lo reclamado en *Rullán v. Fas Alzamora,* supra, el foro primario correctamente concluyó que la información aquí solicitada "no requiere el contenido de dichos formularios ni solicita dato personal o económico alguno de Sagardía o de los empleados o contratistas de este que pueda generar una expectativa de intimidad constitucionalmente protegida. Por lo tanto, la solicitud legislativa aquí no activa la protección constitucional reconocida en *Rullán* y no puede considerarse una violación a los derechos de terceros."

Sobre este asunto, nos parecen persuasivas las expresiones del Juez Presidente Señor Hernández Denton, en su Opinión Disidente en *Aponte Hernández v. Sánchez Ramos* (Sentencia), 173 DPR 389 (2008), a las págs. 452-453, cuando expresó:

> [d]e esta forma, cuando una persona entrega de manera voluntaria cierta información al Gobierno, no puede reclamar un derecho de intimidad *absoluto* sobre ésta. Tampoco puede argumentar que tiene un *interés de control absoluto* sobre la información recopilada legítimamente por el Estado en el curso de una investigación.[8]

---

[8] A lo anterior se añade que, determinadas opiniones, nuestro Alto Foro se ha pronunciado sobre cuando no procede oponer un derecho a la intimidad ante la entrega de información del Estado. En *Ramon Luis Santiago Cora Ex parte,* 2025 TSPR 44, resuelto el 30 de abril de 2025, el Alto Foro resolvió que no procede reconocer el derecho a la intimidad a una persona exconvicta sobre la retención de datos de identidad de naturaleza confidencial, aun cuando se expida un certificado negativo de antecedentes penales, sin posibilidad de reincidencia frente al interés apremiante y a la labor investigativa del Estado para atajar la criminalidad.

Por los fundamentos expuestos, nos resulta evidente que, el foro primario no incidió al reconocer la facultad investigativa que posee el Senado al requerir al Departamento de Hacienda la documentación desglosada en la *Petición de Información 2026-0036.* Tampoco incidió al resolver que la información aquí solicitada es distinguible de la requerida en *Rullán v. Fas Alzamora,* supra. Además, el TPI actuó conforme a derecho al concluir que existe un propósito legítimo del Senado detrás de la información solicitada.

Por último, y al amparo del principio constitucional de separación de poderes, el foro primario actuó correctamente al conceder deferencia al Poder Legislativo en el ejercicio de su autoridad investigativa con arraigo constitucional. Los errores señalados no se cometieron.

### IV.

Por todo lo antes expuesto, expedimos el auto de *certiorari* y confirmamos el dictamen recurrido. En su consecuencia, dejamos sin efecto nuestra orden de paralización y ordenamos el cumplimiento específico de la *Resolución* recurrida.

**Notifíquese inmediatamente.**

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones